### LESLIE v STATE

Ohio Appeals, 3rd Dist, Hancock Co

No 243. Decided April 8, 1929

John W Hackett and W H Kinder, Findlay, for Leslie.

John E Priddy and A G Fuller, both of Findlay, for State.

HUGHES, J.

There is nothing disclosed showing that any officer or agent of the State of Ohio did anything unreasonable or unlawful in obtaining possession of this property, and we find no error in the refusal of the court to grant this motion.

This also disposes of the alleged error in permitting the state to use in evidence, the shoes that were taken from the trunk, using the same for the purpose of fitting on a pair of overshoes that were discarded by the fleeing murderer or murderers.

The weight of the evidence is presented to us for consideration, and we have read the record carefully.

Even in the face of all the circumstances, one might be persuaded to entertain a doubt of the guilt of the defendant, were there not added to this chain of circumstances the fact that he did not testify in his own behalf. When one is being tried for a crime which may mean even his life, and in any event his liberty, it seems almost unbelievable that if innocent he could be persuaded to refrain from raising his own voice in a protest of innocence. It is such a fact as warrants a jury and also a reviewing court, in giving much thought and consideration thereto.

We cannot come to the conclusion that the verdict is not sustained by the required degree of proof.

There was some evidence permitted to go to the jury regarding the flight of one Willis and a woman, and other testimony regarding conversations held with, and de-clarations made by, this Willis to the witness. But during the course of the trial, this was taken from the jury's consideration, with appropriate instructions and comment by the trial judge, and we find no prejudicial error in this respect.

The other errors complained of are such that we are satisfied to say, without an elaborate discussion of the questions raised, that there is found in none meriting the finding of prejudice.

For the reasons given, the judgment must be affirmed.

Before Judges Hughes, Justice & Crow.